# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

**PHILADELPHIA INDEMNITY**
**INSURANCE COMPANY,**

        Plaintiff,

Vs.                                      Docket No.:
                                        Jury Demanded

**PRIORITY PEST PROTECTION, LLC**

        Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

Comes now Philadelphia Indemnity Insurance Company, by and through counsel of record, pursuant to 28 U.S.C. §§ 2201-2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment states as follows:

1. Philadelphia Indemnity Insurance Company ("PIIC") is an Pennsylvania corporation with its principal place of business located in Bala Cynwyd, Pennsylvania, and duly qualified to do business in Tennessee.

2. Defendant Priority Pest Protection, LLC is an active limited liability company, doing business in Tennessee with its principal address at 10572 Lebanon Road, Mount Juliet, Tennessee 37122. It may be served with process through its registered agent, Toby Lane, at 1578 Greenhill Road, Mount Juliet, Tennessee 37122.

## I. JURISDICTION AND VENUE

3. PIIC brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202.

4. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which the Defendant has its principal place of business and in which the policy of insurance at issue was delivered.

## II. FACTUAL BACKGROUND

6. In August or September of 2016, Defendant Priority Pest Protection, LLC treated the crawl space of Robert Earheart's home located at 5450 Saundersville Road, Mount Juliet, Tennessee 37122 with chemical(s) known as Bora-Care or Mold-Care.

7. Bora-Care is a termiticide, insecticide, and fungicide concentrate.

8. On October 1, 2018, a complaint was filed in the name of Robert Earheart in the Circuit Court of Wilson County, Tennessee against Priority Pest Protection, LLC bearing docket number 2018-CV-508. (Copy of Complaint and Summons attached hereto as **Exhibit A**).

9. In that complaint, it is alleged that Priority Pest Protection, LLC caused damage to Mr. Earheart's home, rendering it uninhabitable, through its negligent application of Bora-Care or Mold-Care in the crawl space which included installation of a moisture barrier.

10. The complaint further alleges that Priority Pest Protection, LLC's improper application of the Mold-Care or Bora-Care and the installation of the moisture barrier were in breach of an express warranty.

11. The complaint seeks damages in excess of $473,000.00.

# III. POLICY OF INSURANCE

12. Prior to the incident at issue in the underlying litigation, PIIC issued a policy of insurance to Priority Pest Protection, LLC, bearing policy number PHPK1489508, with effective dates of June 28, 2016 to March 8, 2017 (hereinafter referred to as the "Policy"). The Policy was in full force and effect at all times pertinent to this action. (A complete copy of the Policy is attached hereto as **Exhibit B**).

13. The Policy states in part:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; ...

. . .

> **2. Exclusions**
> This insurance does not apply to:
>
> . . .
>
> **f. Pollution**
> **(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
> …
> **(d)** At or from any premises, site or location on which any insured…are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured….However, this subparagraph does not apply to:
> …
> **(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor…
> …
>
> **j. Damage To Property** (by endorsement PI-PC-005 (03/09))
> "Property damage" to:
> …
> **(4)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .

> Paragraph **(4)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."
>
> **l. Damage To Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
>
> **m. Damage To Impaired Property Or Property Not Physically Injured**
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
  This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
. . .

**SECTION V – DEFINITIONS**
. . .
3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
. . .
8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   b. You have failed to fulfill the terms of a contract or agreement;
   If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.
   …

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .
15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.
16. "Products- completed operations hazard":
   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
      **(1)** Products that are still in your physical possession; or
      **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
         **(a)** When all of the work called for in your contract has been completed.
         **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
         **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
      …
17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
   **…**

21. "Your product":
   a. Means:
      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
         (a) You;
         (b) Others trading under your name; or
         (c) A person or organization whose business or assets you have acquired; and
      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
      (2) The providing of or failure to provide warnings or instructions…

22. "Your work":
   a. Means:
      (1) Work or operations performed by you or on your behalf; and
      (2) Materials, parts or equipment furnished in connection with such work or operations.
   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
      (2) The providing of or failure to provide warnings or instructions.

By endorsement PI-PC-001 (04/11) the policy provides:

**PESTICIDE APPLICATOR POLLUTION LIABILITY COVERAGE**

…

**A.** The following is added to **SECTION I – COVERAGES**:

**COVERAGE E – LIMITED POLLUTION COVERAGE**
1. **Insuring Agreement – Bodily Injury and Property Damage Liability**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "**suit**" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….
   …
   b. This insurance applies to "bodily injury," "property damage," or "environmental damage" only if:
      (1) The "bodily injury," "property damage," or "environmental damage" is caused by a "pollution incident":
         (a) Which occurs during the policy period…;
         (b) Which occurs at a "work site" within the "coverage territory"; and
         (c) That begins and ends within 72 hours.
      …
2. **Exclusions**
   This insurance does not apply to:

...
    g. **Products-Completed Operations Hazard**
       "Bodily injury," "property damage," or "environmental damage" included within the "products-completed operations hazard," and arising out of an emission, discharge, release, or escape which originates away from any "insured site."
...
E. **SECTION V – DEFINITIONS**
   The following definitions are added:
   ...
   2. "Environmental damage" means the injurious presence in or upon land, the atmosphere, or any watercourse or body of water, of solid, liquid, gaseous or thermal contaminants, irritants, or "pollutants."
   3. "Insured site" means the specific location specified in the Declarations.
   4. "Pollution incident" means emission, discharge, release, or escape of "pollutants" into or upon land, the atmosphere, or any watercourse or body of water, provided that such emission, discharge, release, or escape results in "environmental damage." The entirety of any such emission, discharge, release, or escape shall be deemed to be a "pollution incident."
   ...
   6. "Work site" means any site or location on which any insured...are performing operations.

## IV. <u>DECLARATORY JUDGMENT ACTION</u>

14. PIIC incorporates by reference the allegations contained in paragraphs 1 through 14 above as if set forth specifically herein.

15. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action.

16. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action on the basis that the claimed damages are excluded by application of Exclusion 2.f. Pollution.

17. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action on the basis that the claimed damages are excluded by application of Exclusion 2.j. Damage to Property.

18. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action on the basis that the claimed damages are excluded by application of Exclusion 2.l. Damage to Your Work.

19. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action on the basis that the claimed damages are excluded by application of Exclusion 2.m. Damage to Impaired Property or Property not Physically Injured.

20. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action on the basis that the claimed damages do not fall within the initial insuring agreement of Coverage E – Limited Pollution Coverage as they do not meet the definition of Environmental Damage or Pollution Incident, and as the alleged incident did not begin and end within 72 hours.

21. PIIC contends and asserts that it has no duty to defend or indemnify Priority Pest Protection, LLC in the underlying action on the basis that the claimed damages are excluded under Exclusion 2.g. Products Completed Operations Hazard of Coverage E – Limited Pollution Coverage.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Philadelphia Indemnity Insurance Company prays:

1. That process issue and be served upon the Defendant requiring it to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of Philadelphia Indemnity Insurance Company and the Defendant by reason of the aforesaid Policy;

3. For a declaration that Philadelphia Indemnity Insurance Company is not obligated to provide a defense to the Defendant in the underlying litigation;

4. For a declaration that Philadelphia Indemnity Insurance Company is not obligated to provide indemnity to the Defendant for any damages assessed against them in the underlying litigation;

5. For the costs of this cause; and

6. For any such other relief to which Philadelphia Indemnity Insurance Company may be entitled under the facts and circumstances of this cause.

Dated this the ___ day of _____, 2018.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: s/ Jonathan D. Stewart
JONATHAN D. STEWART (#23039)
*Attorneys for Plaintiff*
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302-1147
(731) 423-2414–telephone
(731) 426-8150–facsimile
jstewart@raineykizer.com