IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
)
    Plaintiff, ) NO. 3:18-cv-1217
) JUDGE RICHARDSON
v. )
)
PRIORITY PEST PROTECTION, LLC, )
)
    Defendant.

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 16), which alternatively asks the Court to stay this action pending completion of the underlying state court action. Plaintiff filed a Response (Doc. No. 24), and Defendant filed a Reply (Doc. No. 28).

## BACKGROUND

This declaratory judgment action was filed by Plaintiff Philadelphia Indemnity Insurance Company, provider of commercial general liability insurance coverage to Defendant Priority Pest Protection, LLC. Plaintiff seeks a declaration that it is not obligated to provide a defense[1] or indemnity to Defendant in an underlying state court action ("the State Court Action"). The issues in this case are based upon state law only, and the Court's jurisdiction is based upon diversity of citizenship. Doc. No. 1.

The State Court Action involves state-law claims of negligence and breach of warranty against Defendant by a former customer for whom Defendant provided pest control treatment. The

---

[1] The Magistrate Judge has recently advised (Doc. No. 35) that Plaintiff is already providing a defense (apparently under reservation of rights since Plaintiff still seeks to litigate its duty to defend) in the State Court Action, but the Court is unaware of the status of that action, which has been pending since October 1, 2018.

state court plaintiff alleges that Defendant caused damage to his home through negligent application of chemicals to its crawl space. Specifically, the Complaint in the State Court Action alleges that Defendant breached its express warranty and was negligent in: (1) applying an excessive amount of the chemicals to the crawl space; (2) failing to follow the manufacturer's directions concerning the amount of the chemicals to apply to the crawl space; (3) failing to follow the manufacturer's directions about the appropriate manner of applying the chemicals; and (4) failing to allow the chemicals to completely dry before installing a moisture barrier to the crawl space. Doc. No. 1-2 at 2.

Defendant asks the Court to exercise its discretion to decline to exercise jurisdiction over this declaratory judgment action. Alternatively, Defendant asks the Court to stay this action, pending final resolution of the State Court Action. Plaintiff does not object to a stay of the indemnity portion of this case, pending resolution of the State Court Action, but it argues that the Court can and should decide the issue of its duty to defend now, essentially bifurcating the declaratory judgment decision.

## DECLARATORY JUDGMENT

The Declaratory Judgment Act states that, in a case or actual controversy within its jurisdiction, the court *may* declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. The Act confers on federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants. *Vanderbilt Univ. v. Scholastic, Inc.*, __ F. Supp. 3d __, 2019 WL 2264425, at * 10 (M.D. Tenn. 2019); *Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.,* 759 F. App'x 431, 435 (6th Cir. 2018). "Congress created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Vanderbilt*, 2019 WL 2264425, at * 10. Under the Declaratory Judgment Act, the court has discretion *not* to

hear a declaratory judgment action, even where jurisdiction exists. *Encore Furniture Thrifts and More, LLC v. Doubletap, Inc.*, 281 F. Supp. 3d 665, 668 (M.D. Tenn. 2017).

Notwithstanding that the Court has diversity jurisdiction in this case and *could* hear this declaratory judgment action, it must determine whether it *should* do so. The Supreme Court has made clear that when a simultaneous state court claim has been undertaken, a district court's ability to hear an action under the Declaratory Judgment Act does not compel it to do so. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Amer.*, 565 F. Supp. 2d 779, 785 (E.D. Ky. 2008) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)).

Although there is no *per se* rule against exercising jurisdiction in actions involving insurance questions, declaratory judgment actions are "seldom helpful" when they seek an advance opinion on indemnity issues, especially ones that turn entirely on state law. *Certain Underwriters at Lloyd's, London v. Abundance Coal, Inc.*, Civil No. 12-39, 2012 WL 3067579, at * 2 (E.D. Ky. July 27, 2012) (citing *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004)). Issues involving an insurance policy's coverage are state-law questions that require the interpretation of the insurance policy in light of claims asserted against the insured. *AMCO Ins. Co. v. Mello*, No. M2017-01904-COA-R3-CV, 2018 WL 3530834, at * 2 (Tenn. Ct. App. July 23, 2018). "Such actions for an advance determination in the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling [and] orderly presentation of fact issues … are created." *State Automobile Mutual Ins. Co. v. Turner Funeral Home, Inc.*, No. 1:05-cv-61, 2006 WL 686872, at * 5 (E.D. Tenn. Mar. 13, 2006); *Bituminous*, 373 F.3d at 812.

The Sixth Circuit has adopted a five-factor test to assess the propriety of a federal court's

exercise of discretion in a Declaratory Judgment Act case: (1) whether the declaratory judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Amsouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004); *Scottsdale Ins. Co. v. Roumph,* 211 F.3d 964, 968 (6th Cir. 2000). The Sixth Circuit has stated that "[i]n determining the propriety of entertaining a declaratory judgment action, competing state and federal interests weigh in the balance, with courts particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Nationwide Mut. Fire Ins. Co. v. Hatton*, 357 F. Supp. 3d 598, 609 (E.D. Ky. 2019) (citing *Adrian Energy Assocs. v. Mich. Public Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007)).

## **ANALYSIS**

The first two factors in this analysis are closely related, and courts often consider them together. *Grange*, 565 F. Supp. 2d at 785-86. There is, however, a split in Sixth Circuit decisions regarding the proper interpretation of these factors. As for the first factor, one line of cases has held that the appropriate question is whether the declaratory judgment action must settle only the immediate controversy before the district court, as opposed to settling the underlying controversy itself. *Nationwide*, 357 F. Supp. 3d at 610-11 (citing cases). Another line of cases has reached the conclusion that the appropriate question is whether the declaratory action in the district court must

settle the ultimate, underlying state-court controversy, not just the immediate controversy between the parties before the district court. *Id*. at 611 (citing cases).

The Sixth Circuit is similarly split on the second factor, whether the district court's decision must clarify only the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action. *Grange*, 565 F. Supp. 2d at 787. In *Scottsdale*, 513 F. 3d at 557, the court concluded that to clarify the legal relations at issue, a declaratory judgment must only provide a final resolution of the discrete issue presented before the district court. S*ee also Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F. 3d 448, 454 (6th Cir. 2003) (same). Alternatively, in *Travelers Indemnity Co. v. Bowling Green Prof'l Assoc.*, 495 F. 3d 266, 273-74 (6th Cir. 2007),[2] and in *Bituminous*, the Sixth Circuit stated that the second factor is satisfied when the declaratory judgment will clarify the legal relations between all parties in the underlying state court action. *Nationwide*, 357 F. Supp. 3d at 612.[3]

In *Nationwide*, the court stated that "the first factor 'asks whether the federal court can decide all the issues and end all litigation amongst all the parties,' while the second factor 'asks whether the federal court's decision could provide a complete resolution to at least one issue, deciding the rights and obligations and completely ending the litigation between at least two

---

[2] In *Travelers*, the court found that a declaratory judgment on the insurance issues would not resolve the controversy or clarify the legal relationship of the parties in the underlying state action, and, therefore, these factors weighed against federal jurisdiction. *Travelers*, 495 F.3d at 272. In *West American Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006), the court looked at whether the declaratory judgment action would settle the controversy over the scope of insurance coverage, not the underlying state court controversy.

[3] *See also West American*, 208 F. App'x at 397 (second factor refers to clarification of legal issues in the *state court* action).

5

parties.'" *Nationwide*, 357 F. Supp.3d at 612 (citing *Grange*, 565 F. Supp. 2d at 788). The Court will apply this interpretation of the first two factors.

A determination of the duty to defend and/or the duty to indemnify in this case would not "decide all issues and end all litigation amongst all the parties." If the Court were to bifurcate the declaratory judgment decision (as suggested by Plaintiff) and decide the defense question but not the indemnity question at this time, then the declaratory judgment action would also not settle the entire controversy in this action. Nor would it "provide a complete resolution" or "completely end the litigation between at least two parties." The first and second factors weigh against moving forward with this declaratory judgment action.

Neither side contends that the declaratory remedy is being used by Plaintiff for procedural fencing or to provide an arena for a race for *res judicata,* the third factor.

As for whether the federal court's exercise of jurisdiction would increase friction with state courts, the fourth factor, the Sixth Circuit Court of Appeals has stated that the district court must consider three sub-factors: (1) whether the underlying factual issues (in the state court action) are important to an informed resolution of the declaratory judgment action; (2) whether a state court is in a better position to evaluate those factual issues than is a federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a particular resolution of the declaratory judgment action. *Scottsdale*, 513 F.3d at 560; *Northland*, 327 F.3d at 454; *Grange*, 565 F. Supp. 2d at 789.

The facts found and results obtained in the State Court Action—what exactly happened; whether Defendant was negligent; whether Defendant's actions proximately caused property damages; if so, what those damages were—will substantially inform the decision as to Plaintiff's

6

obligations to indemnify, particularly with regard to whether Defendant's actions and the alleged damages fall within the policy coverage and whether the policy exclusions relied upon by Plaintiff apply.[4] It is possible that the State Court Action will result in a finding of no liability for Defendant, and therefore, there would be no duty of, or occasion for, Plaintiff to indemnify. It is also possible that the State Court Action will result in a finding that Defendant is liable on all claims against it, with the Court or jury making necessary factual determinations to reach that result—factual determinations that could substantially inform (if not determine) whether those claims fall within Defendant's insurance coverage under the subject policy. And, of course, it is possible that the State Court Action will result in a combination of these two possibilities.

A decision in this action will involve interpretation of the subject insurance policy in light of the facts found in the State Court Action and the judgment therein. There is a risk of both duplicative efforts and inconsistent results if the federal declaratory judgment action proceeds at the same time as the underlying State Court Action. The Court finds that the underlying factual issues in the State Court Action are important to an informed decision by this Court, so the first sub-factor weighs in favor of not exercising federal jurisdiction.

As for whether a state court is in a better position to evaluate the factual issues, insurance companies are regulated by the states and, as such, state courts are generally in a better position to resolve insurance-coverage disputes. *Nationwide*, 357 F. Supp. 3d at 616; *Grange*, 565 F. Supp. 2d at 790 ("States are normally in a better position to resolve insurance issues because insurance companies are regulated by states for the benefit of their citizens."). In the State Court Action, the

---

[4] For example, Plaintiff's Complaint cites specific exclusions from the subject policy, including exclusions for discharge, dispersal, seepage, migration, release or escape of pollutants; property damage that requires restoration, repair or replacement because Defendant's work was "incorrectly performed;" and property damage arising from and included in the "products-completed operations hazard," the definition of which includes numerous specific requirements. Doc. No. 1 at 4-7.

parties are litigating what exactly happened when Defendant treated the crawl space of the plaintiff in that action's home and whether Defendant was negligent. Discovery has or will be conducted, the facts have been or will be presented to the Court or jury, and the evidence necessary for a decision will be evaluated. None of these activities is taking place in this declaratory judgment action. Finally, no federal or statutory law dictates any result in this case. The issues in this declaratory judgment action are state insurance-coverage claims, brought and analyzed under Tennessee law. The factor of whether the state court is in a better position to evaluate the factual issues weighs in favor of not proceeding in this declaratory judgment action.

The third sub-factor, whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy or whether federal common or statutory law dictates a particular resolution of the declaratory judgment action, also weighs against exercising federal jurisdiction in this case. Plaintiff is seeking determinations of Tennessee contract and insurance law. Tennessee courts weigh policy considerations heavily when interpreting insurance contracts. *State Automobile*, 2006 WL 686872, at * 5 (citing *State Farm Firs and Cas. Co. v. White*, 993 S.W.2d 40, 43 (Tenn. Ct. App. 1998)). As recognized in *Nationwide,* the issues of insurance contracts and coverage implicate important state policies. *Nationwide*, 357 F. Supp. 3d at 617. "The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Omaha Prop. & Cas. Ins. Co. v, Johnson*, 923 F. 2d 446, 448 (6th Cir. 1991).

In addition, Defendant has asserted that there is an important issue of state law in this case involving one of the policy exclusions relied upon by Plaintiff; that is, whether a pollution exclusion in an insurance policy applies to the negligent use or handling of toxic substances that occur in the normal court of business (Doc. No. 17, at 10). It appears that the scope of this pollution

exclusion remains an unsettled question of Tennessee law. *Setco Automotive (NA), Inc. v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, No. 09-1210, 2010 WL 11602455, at * 7 (W. D. Tenn. Dec. 3, 2010) and cases cited therein. When a novel issue of state law is presented, the applicable state is clearly in a better position to decide the issue than federal courts. *Nationwide*, 357 F. Supp. 3d at 616. This unsettled question of Tennessee law also weighs in favor of declining federal jurisdiction. There is a close nexus between the underlying factual/legal issues and state law and/or public policy, and federal law does not dictate a resolution of this action. This case involves a Tennessee contract governed by Tennessee law. Thus, whether the exercise of this Court's jurisdiction would increase friction with the state courts weighs in favor of not proceeding with this action in federal court.

With regard to the fifth factor, whether there is an alternative remedy that is better or more effective, the Sixth Circuit is split regarding whether the state court proceeding must be better or more effective than a federal declaratory action or simply provide an alternative remedy. *Grange*, 565 F. Supp. 2d at 790. Here, Plaintiff may file a declaratory judgment action in state court. *See* Tenn. Code Ann. §§ 29-14-101 – 113. There is no claim that state remedies for resolution of the coverage issues are either unavailable or ineffective and no indication that Plaintiff would be prejudiced by pursuing its rights in a declaratory action in state court. Declining jurisdiction in this Court could avoid duplication of witnesses and evidence in parallel actions. The Court finds that declining to exercise jurisdiction over this declaratory judgment action, to allow the issues to be considered in state court, would result in a better and more effective remedy. Relatedly, the Court concludes that Plaintiff's implied proposal—that the Court proceed on the issue of duty to defend while staying the issue of duty to indemnity —would result in a bifurcation of this litigation that would be markedly inefficient.

As noted above, under the Declaratory Judgment Act, the court has discretion *not* to hear a declaratory judgment action, even where jurisdiction exists. *Encore*, 281 F. Supp. 3d at 668. Indeed, the United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995), *cited in Nationwide*, 357 F. Supp. 3d at 609.

For the reasons stated herein and in recognition of its limited jurisdiction, the Court declines to exercise jurisdiction over this declaratory judgment action, which involves only state claims, not federal. In the interest of judicial economy and with the substantial discretion afforded the Court in this matter, this declaratory judgment action will be dismissed without prejudice to re-filing in state court.

An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE